UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| WILLIAM FLYNN, | Civil No. 11-1549 (SRN/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WENDY J. ROAL, Warden, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241.  The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

I.      **BACKGROUND**

In 2005, Petitioner was convicted in the United States District Court for the Western District of Michigan on charges involving mail fraud and money laundering.  He was sentenced to 108 months in federal prison, and he is currently serving his sentence at the Federal Prison Camp in

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.  Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

Duluth, Minnesota.

After Petitioner was convicted and sentenced, he filed a direct appeal. All of Petitioner's claims for relief were, however, denied by the Sixth Circuit Court of Appeals, and his subsequent application for a writ of certiorari was denied by the Supreme Court. United States v. Flynn, 265 Fed.Appx. 435 (6th Cir.) (unpublished opinion), cert. denied, 129 S.Ct. 316 (2008).

In May 2009, Petitioner filed a motion in the trial court, seeking to have his conviction and sentence vacated pursuant to 28 U.S.C. § 2255. That motion is still pending before the trial court at this time.[2]

In June 2010, the United States Supreme Court handed down its decision in Skilling v. United States, 130 S.Ct. 2896 (2010). The following month, July 2010, Petitioner filed a motion in the trial court, seeking leave to file a supplemental brief in support of his pending § 2255 motion, so that he could present new arguments based on Skilling.[3] Petitioner's motion included his proposed supplemental brief setting forth his Skilling claims.[4] The trial court granted Petitioner's motion to supplement his § 2255 arguments on June 13, 2011.[5] Therefore, Petitioner's Skilling

---

[2] The court record for Petitioner's § 2255 motion in the Western District of Michigan is accessible to the Court by means of the Electronic Case Filing ("ECF") procedures maintained by the federal judiciary. The § 2255 motion proceedings have been assigned a new case number: File No. 1:09-CV-451. The Court will refer to filings in the § 2255 proceedings by the docket number used by the Clerk of Court for the Western District of Michigan – i.e., "No. 1:09-CV-451, Doc. # ─."

[3] No. 1:09-CV-451, Doc. # 23.

[4] No. 1:09-CV-451, Doc. # 23, "Attachment 1."

[5] No. 1:09-CV-451, Doc. # 28. The trial court's order allowing Petitioner to add his Skilling claims also approved the filing of several other proposed amendments and supplements in the § 2255 proceedings. In addition, Petitioner was granted leave to submit briefing that exceeded applicable page limits. The trial court noted that "[t]aken together, the materials submitted by Movant [i.e., Petitioner] in support of this § 2255 motion now number several hundreds of pages." (No. 1:09-CV-

CASE 0:11-cv-01549-SRN-TNL   Document 10   Filed 12/06/11   Page 3 of 8

claims are currently pending before the trial court (in the Western District of Michigan) at this time.[6]

Petitioner's current habeas corpus petition was filed on June 13, 2011.[7] The petition presents a single ground for relief, i.e., that the Supreme Court's decision in <u>Skilling</u> causes Petitioner to be "actually innocent" of the crimes for which he was convicted in the Western District of Michigan. (Petition, [Docket No. 1], p. 3, § 7(a).)  This Court previously reviewed the petition, and immediately recognized that Petitioner is attempting to challenge the validity of his 2005 criminal conviction.  Ordinarily, however, a federal prisoner cannot challenge the validity of his conviction in a § 2241 habeas corpus proceeding.  Petitioner was therefore ordered to explain why this action should not be summarily dismissed.  (Order dated August 4, 2011; [Docket No. 6].)  In response to that order, Petitioner has filed a twenty-page memorandum, and a voluminous collection of exhibits. (Docket Nos. 8 and 9.)  Petitioner has, however, failed to show that his current claims for relief can be heard and decided in this action.

## II.   DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255.  <u>Abdullah v.</u>

---

451, Order dated June 13, 2011, [Doc. # 28], at p. 2.)

[6] The trial court has ordered the Government to file a response to Petitioner's § 2255 claims, including the claims based on <u>Skilling</u>.  (No. 1:09-CV-451, Doc. # 27.)  The Government has requested and received two extensions of the deadline for filing the required response.  (No. 1:09-CV-451, Doc. #s 35 and 41.)  As of now, the Government's response is due on December 20, 2011. After the Government files its response, Petitioner will have 28 days to file a reply.  (No. 1:09-CV-451, Doc. # 27.)  The trial court presumably will render a decision on Petitioner's pending § 2255 motion sometime after the matter has been fully briefed.

[7] As far as the Court can tell, it is pure coincidence that Petitioner's habeas corpus petition was filed on the same date that the trial court in the Western District of Michigan granted Petitioner's motion to supplement his § 2255 motion by adding his new arguments based on <u>Skilling</u>.

3

Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005).  Subsection 2255(e)

provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized
> to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be
> entertained if it appears that the applicant has failed to apply for relief, by motion,
> to the court which sentenced him, or that such court has denied him relief, unless it
> also appears that the remedy by motion is inadequate or ineffective to test the legality
> of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available

to a federal prisoner who is asserting a collateral challenge to his conviction or sentence.  "It is well

settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion

to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court

of incarceration... under § 2241."  Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003).  A federal

court lacks jurisdiction to hear a prisoner's collateral challenge to his original conviction or sentence

under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided

by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'"  DeSimone v. Lacy,

805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255.  See also Von Ludwitz

v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same).  The "inadequate or ineffective

remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because

when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255

exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of his 2005

federal criminal conviction in the Western District of Michigan.  He claims that he is innocent of

the crimes for which he which he was convicted by reason of the Supreme Court's decision in

Skilling, which was handed down approximately five years after he was convicted, and

approximately two years after his conviction became final on direct appeal.  Because Petitioner is directly challenging the validity of his conviction, his current habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.

Petitioner contends that the savings clause does apply here, because his current claim for relief – i.e., that he is actually innocent pursuant to <u>Skilling</u> – "could not be raised or resolved in the in the § 2255 [motion] filed in the sentencing court."  (Petitioner's "Response to Court Order dated August 4, 2011," [Docket No. 8], [hereafter "Petitioner's Response"], p. 1.)  Petitioner is, however, unable to substantiate that argument, even with twenty pages of briefing and a large stack of exhibits.

The savings clause does not apply here for one very simple reason--Petitioner's actual innocence claims based on <u>Skilling</u> are currently pending before the trial court in Petitioner's still ongoing § 2255 proceedings.  Petitioner cannot show that § 2255 is an inadequate or ineffective remedy for his <u>Skilling</u> claims because the trial court has afforded Petitioner an opportunity to raise those claims in his § 2255 proceedings, and Petitioner has <u>not</u> afforded the trial court an opportunity to rule on those claims.  It is disingenuous (at best) for Petitioner to contend that § 2255 is an inadequate or ineffective remedy for his <u>Skilling</u> claims, when the trial court has expressly permitted Petitioner to present those claims in his § 2255 motion, and Petitioner has actually done so.  <u>See</u> <u>Abdullah</u>, 392 F.3d at 963 (the savings clause does not apply "where a petitioner had any opportunity to present his claim beforehand").

The Court recognizes that Petitioner is claiming to be innocent of the crimes for which he was convicted, but his claim of "actual innocence" does not make the savings clause automatically applicable here.  An actual innocence argument can be raised in a § 2241 habeas petition only if the

petitioner never had any prior opportunity to raise the argument in the trial court or on appeal.

Abdullah, 392 F.3d at 960 ("§ 2255 was not inadequate or ineffective to raise [petitioner's] claim

because... regardless of his ability to demonstrate actual innocence, [he] did have an unobstructed

opportunity to raise his claim").  Here, as in Abdullah, Petitioner has had an opportunity to present

his actual innocence claims in his § 2255 motion.  Therefore, he cannot invoke the savings clause

to raise those claims again here.

Finally, Petitioner seems to believe that he might not get a fair hearing on his Skilling claims

in the trial court.  (Petitioner's Response, pp. 11-15.)  This notion is, however, based on sheer

speculation.  Petitioner has not offered any cogent or credible reason to believe that his Skilling

claims cannot be properly resolved in his § 2255 motion.[8]  More importantly though, Petitioner has

cited no legal authority that would permit this District Court to evaluate the fairness, objectivity or

judicial competence of another District Court.  If Petitioner believes that the trial court is incapable

of rendering a fair, unbiased and legally correct ruling on his Skilling claims, he will have to present

his concerns to the judge who is hearing his § 2255 motion.  And if Petitioner is dissatisfied with

the trial judge's treatment of those concerns, he will have to take the matter up with the supervising

Circuit Court of Appeals.[9]  Petitioner cannot use § 2241 as a means to attack the fair-mindedness

or the competence of the trial court judge in his criminal case.  Nor can Petitioner use § 2241 to shop

for a forum where he thinks he might get a more sympathetic hearing on his substantive claims for

---

[8]   Indeed, it appears that the trial court has treated Petitioner's § 2255 motion with remarkable patience and indulgence.  (See n. 5, supra.)

[9]   See Rules Governing Section 2255 Proceedings For The United States District Courts, Rule 4(a), "Advisory Committee Notes," ("A movant is not without remedy if he feels [that having the trial judge preside over his post-conviction proceedings] is unfair to him.  He can file an affidavit of bias.  And there is the right to appellate review if the trial judge refuses to grant his motion.")

relief.

## III.    CONCLUSION

Petitioner's § 2241 habeas corpus petition challenges the validity of his 2005 federal criminal conviction in the Western District of Michigan.  Therefore, the claims that Petitioner is attempting to raise in his petition cannot be adjudicated on the merits in a § 2241 habeas corpus proceeding, unless the savings clause is applicable.  Because the claims raised in the current petition are now pending before the trial court judge in a still unresolved § 2255 motion, Petitioner cannot show that the remedy provided by § 2255 is inadequate or ineffective for his current claims for relief. Moreover, § 2255 cannot be viewed as an inadequate or ineffective remedy simply because Petitioner is attempting to bring a claim of "actual innocence," or because he fears the trial judge will not decide his claims fairly and correctly.  Thus, the Court finds that the savings clause is not applicable here.

Because the savings clause is not applicable, this action must be summarily dismissed for lack of jurisdiction.  See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner failed to show that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

Having determined that this action must be summarily dismissed for lack of jurisdiction, the Court finds that Petitioner's motion for additional time to file a brief in support of his petition, (Docket No. 4), is moot.  Petitioner has also filed another motion, (Docket No. 7), seeking additional time to file his response to the Court's prior order.  That response has, however, now been filed,

(Docket Nos. 8 and 9), and it has been accepted as timely and fully considered by the Court.

Therefore, the second motion is also moot.

## IV.     RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's "Motion For Extension Of Time," (Docket No. 4), be **DENIED** as moot;

2.  Petitioner's second "Motion For Extension Of Time," (Docket No. 7), be **DENIED** as moot; and

3.  Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be summarily **DISMISSED** for lack of jurisdiction.

Dated: December  6 , 2011

_s/ Tony N. Leung_
TONY N. LEUNG
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before **December 21, 2011**.